UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUDSON MARTIN FERRANTE STREET WITTEN & DEMARIA, PC,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALAN FORSYTHE,<br><br>Defendant. | Case No.16-cv-06551-BLF   (SVK)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY**<br><br>Re: Dkt. Nos. 21, 23 |

On January 25, 2017, Plaintiff Hudson Martin Ferrante Street Witten & Demaria, PC ("Plaintiff") filed a Motion for Leave to Take Limited Expedited Discovery. (Dkt. No. 21.) The motion presents a close call on the need for expedited discovery given the ongoing divorce proceedings in state court and the sensitive nature of Plaintiff's client information that is the subject of the requests. Having reviewed the filings, however, the Court denies without prejudice the motion to allow expedited discovery.

**I.   BACKGROUND**

The parties have been involved in bitter divorce proceedings in Monterey County Superior Court since 2015. (Dkt. No. 1 at ¶ 11.) During the proceedings Plaintiff learned, through admission of Defendant's counsel, that Defendant maintained a copy of the Plaintiff's QuickBooks file on his computer, which contained sensitive client information and salary information of Plaintiff's employees and partners. (Dkt. No. 1 at ¶¶ 24, 26; Dkt. No. 21-4 at ¶ 7.) Plaintiff promptly filed this action on November 10, 2016, claiming violations of the Computer Fraud and Abuse Act, California's Computer Data Access and Fraud Act, and conversion. (Dkt. No. 1.) Defendant subsequently submitted a declaration in the state court proceedings stating that pursuant to court order, he had provided to Plaintiff a thumb drive with the QuickBooks file and

had then destroyed the QuickBooks file that had been in his possession.  (*See* Dkt. No. 8-2 at 1.)  Plaintiff then employed a forensic data analysis firm to analyze the thumb drive.  (Dkt. 21-8 at ¶¶ 5, 11.)  The firm determined that the QuickBooks file on the drive "contained a single QuickBooks backup file which was created on or before August 26, 2014.  The file was written to the [thumb drive] on October 26, 2016."  (Dkt. 21-8 at ¶ 11.)  Plaintiff suggests, without further support, that the original file may still exist in the Defendant's possession.  (*See* Dkt. 21-3 at 6.)

Plaintiff's proposed discovery requests consist of a request to permit inspection and forensic copying of four specified devices as well as any other device that Defendant identifies as having been used to store, copy, delete, or access any files created or maintained by Plaintiff, including Plaintiff's QuickBooks file.  (Dkt. Nos. 21-1, 21-2.)

Defendant filed a Motion to Strike in this action on December 16, 2016.  (Dkt. No. 8.)  Plaintiff filed its Motion for Leave to Take Limited Expedited Discovery on January 25, 2017.  The hearing for the Motion to Strike and the Initial Case Management Conference are set for March 16, 2017.  (Dkt. No. 14.)

## II.     DISCUSSION

Generally, a party "may not seek discovery from any source" before the conference required by Rule 26(f).  Fed. R. Civ. P. 26(d).  However, upon a showing of good cause by the moving party, the court may grant a party leave to take expedited discovery before discovery has formally commenced under Rule 26(d).  *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Electron. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  In determining whether good cause justifies expedited discovery, courts in the Ninth Circuit commonly consider five factors:  "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  *Apple Inc.*, 768 F. Supp. 2d at 1044 (internal quotation and citation omitted).  The court must perform this evaluation in light of "the entirety of the record ... and [examine] the

reasonableness of the request in light of all the surrounding circumstances." *Semitool*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed). The Court has considered these factors and finds Plaintiff has not met its burden to establish the requisite "good cause" for expedited discovery for the following reasons.

*First*, no preliminary injunction is pending, therefore there are no allegations of irreparable harm that may result from Defendant's continued possession of the QuickBooks file. *Compare with Flextronics Int'l, Ltd. v. Parametric Tech., Corp.*, No. C 13-0034 PSG, 2013 WL 2303785, at *2 (N.D. Cal. May 24, 2013) (granting limited expedited discovery in a case where a preliminary injunction was pending and discovery was necessary to determine whether defendant continued to infringe on plaintiff's copyright); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (denying request for expedited discovery where discovery sought concerned prior bad acts, not a harm that could continue but for injunction). This factor weighs against granting the motion.

*Second*, Plaintiff's proffered requests are overbroad. Plaintiff seeks to obtain flash copies of several of Defendant's electronic devices, raising issues of privacy. *See* Fed. R. Civ. P. 34(a) advisory committee's note to 2006 amendment. Plaintiff seeks flash copies of entire devices and fails to limit its requests to discovery of information that may be relevant to the possession of QuickBooks data. *See Flextronics*, 2013 WL 2303785, at *2 (denying a motion for expedited discovery in part because the requests related generally to the plaintiff's Computer Fraud and Abuse Act claims, not the issues raised in a preliminary injunction motion). Plaintiff similarly fails to limit its request to those devices which it knows exist and those devices which it has reason to believe may contain QuickBooks data.[1] Finally, Plaintiff does not limit the information that may be revealed to Plaintiff as a result of the forensic analysis[2] or the time period the forensic

---

[1] Plaintiff cites the deposition of Defendant from the state court proceedings to justify its requests of flash copies of a "Lenovo laptop," a "LabWare laptop," a "Surface Pro Tablet," and a "'HubDesk' Virtual machine." (*See* Dkt. No. 21-1 at 6-7.) However the pages cited do not mention these devices and instead discuss LabWare and HubDesk software, notably not physical devices. (Dkt. No. 21-6.)

[2] Plaintiff's proposed order provides that the forensic copies be made available only to the Court, not Plaintiff. (Dkt. No. 21-9 at 3.) However, this provision is neither included in the proposed discovery requests nor mentioned in the briefing, therefore (*continued on next page*)

3

analysis firm would keep the devices. Therefore the breadth of the requests weighs against granting the motion. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1069 (C.D. Cal. 2009) (denying a motion to expedite discovery in part because the requested mirror images "would allow plaintiff to obtain all information on defendants' internal and external hard drives").

*Third*, the purpose of the requested discovery presents the closest call. The Court recognizes the sensitive and highly confidential nature of the Plaintiff's client data and possible dissemination, destruction, or misuse of that data. However, Defendant has submitted a declaration in the state court action confirming that he returned and destroyed the QuickBooks files, and, as discussed below, Plaintiff presents no evidence here that contradicts Defendant's sworn statement. At best, the request presented to this Court is a request to verify Defendant's state court declaration. Therefore this Court believes the request is more properly directed to the state court proceeding.

In support of Plaintiff's allegations that Defendant still maintains a copy of the QuickBooks file, Plaintiff submitted declarations of Ms. Witten, the former spouse of Defendant and partner at Plaintiff's firm, and Mr. Brown, the forensic analyst employed by Plaintiff to examine the thumb drive returned by Defendant in the state court proceedings. (*See* Dkt. Nos. 21-4, 21-8.) Ms. Witten states that she "had the thumb drive reviewed by an IT expert, who has informed [her] that the content on the thumb drive is in fact a copy of a file, and not the original file that was downloaded." (Dkt. No. 21-4 at ¶ 33.) Mr. Brown's declaration merely explains that his analysis revealed that he determined that the drive "contained a single QuickBooks backup file . . . that was written to the [thumb drive] on October 26, 2016." (Dkt. 21-8 at ¶ 11.) Neither declaration suggests that Defendant did not in fact destroy any other copies of the QuickBooks file pursuant to the state court's protective order.[3] Therefore, this factor, although close, also weighs against granting Plaintiff's motion. *See Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-CV-06637-RS-PSG, 2013 WL 1366041, at *2 (N.D. Cal. Apr. 3, 2013) (denying a motion to

---

its effectiveness is unclear. Regardless, providing forensic copies of numerous unspecified drives to the Court does not alleviate the Court's concerns regarding Defendant's right to privacy.
[3] Neither party submitted the protective order entered by the state court.

4

compel production of email backup for forensic analysis because "[i]n the absence of a strong showing that the responding party has somehow defaulted in [its obligation to maintain and produce emails in litigation], the court should not resort to extreme, expensive, or extraordinary means to guarantee compliance") (internal citation and quotation omitted).

*Fourth*, given the proposed deadline of production in ten days, the need to review several as yet unspecified devices, and the need for counsel to prepare responses, particularly in light of the final factor below, the burden imposed on Defendant weighs against granting the motion.

*Finally*, in light of the foregoing circumstances and the Case Management Conference and pending Motion to Strike currently scheduled for March 16, 2017, the Court concludes the timing of the request weighs against granting the motion.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has not shown good cause to justify expedited discovery. Plaintiff's motion is therefore denied without prejudice.

**SO ORDERED.**

Dated:  February 10, 2017

SUSAN VAN KEULEN
United States Magistrate Judge